UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
BERNARD RIMPEL, M.D.,

|  |  |
|---|---|
| Plaintiff, | DECLARATION OF NICOLLE COMEFERO |
| -against- |  |
|  | 17-CV-06867 (NGG) (PK) |
| ADVANTAGECARE PHYSICIANS, P.C., |  |
| Defendant. |  |

--------------------------------------------------------------------X

NICOLLE COMEFERO, declares upon personal knowledge under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am the HR Business Partner at EmblemHealth Services, the parent company of AdvantageCare Physicians, P.C. ("**ACPNY**" or "**Company**"). I respectfully submit this Declaration in support of the application to this Court seeking summary judgment and the dismissal of Plaintiff's Complaint, and specifically to provide additional information beyond what was asked of me at my deposition.

2.      ACPNY is a physician practice that delivers comprehensive, community-based care in multiple facilities throughout the New York metropolitan area. In approximately November 2013, ACPNY acquired the Central Brooklyn Medical group, which operated at the Empire Medical Center in Brooklyn, New York. ACPNY continues to operate out of that Empire Medical Center. For the past 5 years, I have had human resources responsibilities over ACPNY's medical professionals and staff in our various practice locations, including being involved with all aspects of employee relations.

3.      Plaintiff Bernard Rimpel began his employment with ACPNY's predecessor at the Brooklyn Empire Medical Center in October 2012, pursuant to an employment agreement

signed by Dr. Rimpel on October 3, 2012. Although I did not interact with Dr. Rimpel very regularly in the beginning, I did not have any issues with Dr. Rimpel when he first joined the Company.

4.      I understand that Dr. Rimpel has filed this lawsuit claiming that he was terminated because of his age at the time. I can state categorically that ACPNY does not base, and has never based, its employment-related decisions – whether hiring or terminating – on a physician's age. If anything, I have often found that physicians generally are more skilled and more desirable to patients when they are more experienced and more advanced in their career. I also understand that Dr. Rimpel was 62 years of age when ACPNY continued his employment at the Empire Medical Center in 2013 upon acquiring his predecessor.

5.      ACPNY is fully committed to providing equal employment opportunities for all employees, and it has a zero tolerance policy for discrimination on the basis of any protected characteristic under federal, state, and city law, including an employee's age. (A copy of the Company's Equal Employment Opportunity policy and the Company's Freedom from Harassment Policy are provided with this Declaration as Exhibit A.) ACPNY also maintains a comprehensive procedure that allows any employee to report incidents of perceived discrimination and retaliation to any member of management, the Human Resources Department, or the Vice President, Human Resources. An employee can also utilize the Company's Compliance Hotline to report (anonymously, if necessary) workplace conduct that the employee believes violates any applicable laws, rules, or regulations. At no time prior to his termination did Dr. Rimpel ever complain about any alleged discrimination.

6.      At some point in mid- to late-2014, I began to receive complaints about Dr. Rimpel from various staff members at the Empire Medical Center. As a result, I investigated

those complaints in person and ultimately concluded that Dr. Rimpel was exhibiting offensive behavioral issues toward staff members, and was also failing to follow certain office protocol relating to relating to patient scheduling, documentation, referrals and coding/billing.

7.     My interviews at the time also included speaking with Dr. Rimpel, who acknowledged that he had been rude to at least one staff member and that he had violated certain check-in procedures. Rather than terminate Dr. Rimpel's employment at that time, he was placed on a 60-day Performance Improvement Plan on August 10, 2015 and required to attend multiple one-on-one Emotional Intelligence training sessions in an effort to coach him and improve his interactions in the medical office.

8.     Unfortunately, while Dr. Rimpel did complete his one-on-one training sessions, the feedback that I received from his trainer was that Dr. Rimpel was very argumentative and resistant. In addition, I continued to receive complaints from staff members about Dr. Rimpel into the first half of 2016, and Dr. Rimpel continued to fail to follow the same office protocols as before, also during that same time period into 2016. Dr. Rimpel also failed his February 2016 audit, which is a required annual audits that all physicians go through to determine whether the physician is engaged in appropriate medical decision making, appropriate coding/billing, and appropriate documentation. Dr. Rimpel's failed February 2016 audit continued a downward trend of his audit scores.

9.     As a result of the continuing complaints and deficient performance, Human Resources decided to terminate Dr. Rimpel's employment. Dr. Rimpel's employment agreement provides that his employment could be terminated for any reason upon 60 days' notice. On October 6, 2016, Dr. Rimpel was given written notice that his employment would be terminated effective December 6, 2016. Plaintiff's age had absolutely nothing to do with his termination,

just as it had nothing to do with ACPNY's decision three years earlier to continue his employment when ACPNY acquired Dr. Rimpel's prior employer. ACPNY has never replaced Dr. Rimpel's position.

10. I also understand that Dr. Rimpel has referred to a subsequent reduction in force ("RIF") that took place for ACPNY physicians the following year in 2017. That Company-wide RIF was completely unrelated to the decision to terminate Dr. Rimpel's employment in October 2016. The purpose of that RIF was to eliminate all general surgery practices, and keep only certain specialty practices at ACPNY's facilities. In fact, that RIF resulted in ACPNY retaining several physicians in their 50s and 60s, and in the termination of several physicians in their 30s and 40s. Once again, a physician's age had absolutely nothing to do with any ACPNY business-related decisions.

11. I also understand that Dr. Rimpel has referred to Dr. Brian Hall, the other of two general surgeons (with Dr. Rimpel) at the Empire Medical Center. Dr. Hall's employment was also terminated shortly after Dr. Rimpel's employment ended, in 2017, and Dr. Hall was 41 at the time of his termination.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22ND day of May 2019 in New York, New York.

Nicolle Comefero